1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11
12
13
14
15

| | |
|---|---|
| WILLIE STEWART, JR.,<br><br>                                    Petitioner,<br><br>              v.<br><br>JAMES YATES, Warden,<br><br>                                    Respondent. | Civil No.    08cv1177-BTM (NLS)<br><br>**ORDER DISMISSING CASE<br>WITHOUT PREJUDICE** |

16      Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas

17  Corpus pursuant to 28 U.S.C. § 2254, but has failed to pay the $5.00 filing fee and has failed to

18  move to proceed in forma pauperis.  Because this Court cannot proceed until Petitioner has either

19  paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the

20  case without prejudice.  See Rule 3(a), 28 U.S.C. foll. § 2254.  If Petitioner wishes to proceed

21  with this case, he must submit, **no later than September 15, 2008,** a copy of this Order with the

22  $5.00 fee or with adequate proof of his inability to pay the fee.

23      In addition, in accordance with Rule 4 of the rules governing § 2254 cases, the Petition

24  is also subject to dismissal because Petitioner has failed to allege that his state court conviction

25  or sentence violates the Constitution of the United States.  Title 28, United States Code,

26  § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

27          The Supreme Court, a Justice thereof, a circuit judge, or a district
            court shall entertain an application for a writ of habeas corpus in
28          behalf of a person in custody pursuant to the judgment of a State

1    court only on the ground that he is in custody in <u>violation of the
2    Constitution or laws or treaties of the United States.</u>

3    28 U.S.C. § 2254(a) (emphasis added).  <u>See Hernandez v. Ylst</u>, 930 F.2d 714, 719 (9th Cir.

4    1991); <u>Mannhalt v. Reed</u>, 847 F.2d 576, 579 (9th Cir. 1988); <u>Kealohapauole v. Shimoda</u>, 800

5    F.2d 1463, 1464-65 (9th Cir. 1986).  Thus, to present a cognizable federal habeas corpus claim

6    under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of

7    a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the

8    United States."  <u>See</u> 28 U.S.C. § 2254(a).

9          Here, Petitioner claims that the trial court applied state sentencing guidelines incorrectly

10   when it imposed a restitution fine that he has little chance of paying.  (Pet. at 4.)  In no way does

11   Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United

12   States."  28 U.S.C. § 2254.

13         Further, the Court notes that Petitioner may not simply be able to amend his Petition to

14   state a federal habeas claim and then refile the amended petition in this case.  He must exhaust

15   state judicial remedies before bringing his claims via federal habeas.  Habeas petitioners who

16   wish to challenge either their state court conviction or the length of their confinement in state

17   prison, must first exhaust state judicial remedies.  28 U.S.C. § 2254(b), (c); <u>Granberry v. Greer</u>,

18   481 U.S. 129, 133-34 (1987).  To exhaust state judicial remedies, a California state prisoner must

19   present the California Supreme Court with a fair opportunity to rule on the merits of every issue

20   raised in his or her federal habeas petition.  28 U.S.C. § 2254(b), (c); <u>Granberry</u>, 481 U.S. at

21   133-34.  Moreover, to properly exhaust state court remedies a petitioner must allege, <u>in state

22   court</u>, how one or more of his or her federal rights have been violated.  The Supreme Court in

23   <u>Duncan v. Henry</u>, 513 U.S. 364 (1995) reasoned:  "If state courts are to be given the opportunity

24   to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact

25   that the prisoners are asserting claims <u>under the United States Constitution</u>."  <u>Id.</u> at 365-66

26   (emphasis added).  For example, "[i]f a habeas petitioner wishes to claim that an evidentiary

27   ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the

28   Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court."

Id. at 366 (emphasis added).  If Petitioner has raised his claim in the California Supreme Court as a federal claim he must so specify.  The burden of proving that a claim has been exhausted lies with the petitioner.  Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir.1981).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). But see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings.").  However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending.  Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ."  Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas

relief because he has not stated a cognizable federal claim and has not alleged exhaustion of state court remedies as to any cognizable federal claim.

If Petitioner wishes to proceed with this case, he must, **no later than September 15, 2008,** satisfy the filing fee requirement **and** file a First Amended Petition which cures the pleading defects identified in this Order.  The Clerk of Court shall send a blank Southern District of California In Forma Pauperis Application and a blank Southern District of California amended petition form to Petitioner along with a copy of this Order.

**IT IS SO ORDERED.**

DATED:  July 9, 2008

Honorable Barry Ted Moskowitz
United States District Judge

-4-